## H. CLARK & SONS, Inc., v. SOUTHERN EXPRESS CO.

(District Court, E. D. Virginia. March 11, 1913.)

INJUNCTION (§ 137*)—MANDATORY INJUNCTION—TRANSPORTATION OF LIQUOR—RESTRAINING ORDER.

Where complainant, operating a mail order liquor business in Virginia, had been in the habit of shipping liquor by means of defendant express company to its customers in South Carolina, but after the passage of the Webb-Kenyon law defendant refused to receive further shipments of liquor for transportation into South Carolina, on the ground that if it did so it would violate the criminal laws of that state, complainant was not entitled to a temporary restraining order, requiring the express company to accept further shipments of that character, in a suit to which the state of South Carolina or its representative was not a party.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307, 309; Dec. Dig. § 137.*]

In Equity. Bill by H. Clark & Sons, Incorporated, against the Southern Express Company, for a temporary restraining order in a suit for mandatory injunction restraining defendant from refusing to transport liquor in interstate commerce from Virginia to South Carolina. Temporary restraining order denied.

Smith & Gordon, of Richmond, Va., for complainant.
Thomas Wall Shelton, of Norfolk, Va., for defendant.

WADDILL, District Judge. Complainant, suing in its own behalf and of others similarly situated, files its bill, praying an injunction against the defendant to prevent it from refusing to accept shipments of spirituous liquors for the state of South Carolina, and to require it by mandatory order to transport the same there, averring as a cause therefor that it conducts a large mail order business in liquors in that state, to private individuals, and not for resale, and that the action of the defendant in refusing, since the 5th day of March last, to accept its shipments, has greatly injured it, and that unless restrained from so doing its action will prove destructive of its business. The Express Company, by counsel, replies that it has heretofore received such goods from the complainant, and transported the same, and would be glad to do so now, but that it is apprehensive, especially since the passage of the recent act of Congress known as the Webb-Kenyon bill, that if it did so it would violate the criminal laws of the state of South Carolina, and subject itself to heavy fines, and its officers and employés to imprisonment.

It will be seen at a glance that the question presented is whether the court, because of the business needs and necessities of the complainant, should attempt, in a proceeding to which the state of South

Carolina is not a party, to authorize the complainant, by the aid of a mandatory injunction on a preliminary hearing, to invade the territory of that state and do business in contravention of its Constitution and laws. The statement of the proposition is to answer it. The refusal to grant the relief asked for does not prevent the complainant from doing business in South Carolina, if it has the right to do so, but simply withholds the sanction of the court by the granting of the affirmative permission so to do, in advance of the ascertainment of what the law is, in an orderly and proper manner, in a proceeding to which the state of South Carolina or its representative should be a party. Complainant likewise is not denied redress as the result of the conclusion reached, because there is no averment that the Southern Express Company is not solvent, and as a public carrier liable for omission properly to perform its duty; and, moreover, if such averments were made, it may be said to be a matter of the gravest doubt whether, in a proceeding in which, on the one hand, the private interests and property rights of the citizen are involved, and, on the other, the power and authority of a sovereign state, in the matter of the control and regulation of its domestic affairs, and the peace and happiness of its people are concerned, the private claims and demands of the citizen should not give way, or at least be held in abeyance, pending the ascertainment of the true status of the parties; in other words, if complainant is denied the right to bring its commodities into the state, under its laws, it should, under the circumstances here, await the result of the contest over the right to evade the law, rather than have the same suspended pending such controversy.

In determining questions affecting local laws on the subject of the transportation of whiskies, etc., into a state, since the passage of the Webb-Kenyon bill, in terms leaving such articles of commerce subject to the local, as distinguished from the national, law, different propositions arise, to be determined upon considerations other than those formerly controlling.

The temporary restraining order prayed for will be denied.